# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**RALPH MONTE,**

           **Plaintiff,**

v.                                                             **Case No: 6:23-cv-288-JSS-DCI**

**SHERWIN WILLIAMS**
**DEVELOPMENT CORPORATION**
**a/k/a THE SHERWIN WILLIAMS**
**COMPANY, a foreign corporation,**

           **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | Plaintiff's Amended Motion to Strike Defendant Sherwin-Williams' Expert Witness, Dr. Sadij R Chaudhary (Doc. 47) |
| **FILED:** | September 30, 2024 |

**THEREON** it is **ORDERED** that Plaintiff's Motion (Doc. 47) is **DENIED.**

## I.     Background

On February 21, 2023, Defendant The Sherwin Williams Company (Defendant) filed a Notice of Removal seeking removal of Plaintiff Ralph Monte's (Plaintiff) personal injury and negligence action from Florida's Ninth Judicial Circuit. Doc. 1. On April 17, 2023 and August 28, 2024, this Court entered its Case Management Scheduling Order (CMSO) and its Amended Case Management Scheduling Order (ACMSO). The CMSO set August 2, 2024 as the deadline

for discovery motions. Doc. 26. The ACMSO provides August 31, 2024 as the deadline for discovery motions.

On August 28, 2024, the same day this Court entered the ACMSO, Plaintiff filed a "Motion to Strike Defendant Sherwin-Williams' Expert Witness, Dr. Sajid R. Chaudhary." Doc. 45. On September 16, 2024, the Court denied Plaintiff's motion for failure to comply with Local Rule 3.01(g)'s conferral requirement. Doc. 46. The Endorsed Order noted that "[t]his is the second motion filed by Plaintiff that fails to [comply with Local Rule 3.01(g)]." *Id.*

On September 30, 2024, Plaintiff filed the "Amended Motion to Strike Defendant Sherwin-Williams' Expert Witness, Dr. Sadij R. Chaudhary." Doc. 47 (the Motion). In the Motion, Plaintiff asserts that Defendant's expert, Dr. Chaudhary, is Plaintiff's treating physician and moves this Court to strike Dr. Chaudhary from the case, prohibiting the use of his testimony, reports, or opinions. Doc. 47 at 1-2, 15. Defendant filed a response challenging the Motion as untimely. Doc. 52 at 5-6. Defendant also argued that this Court should deny Plaintiff's Motion because Defendant did not intentionally hire a treating physician as an expert. Doc. 52, 7-10.

## II.    Discussion

The Motion is due to be denied for several reasons. At bottom, Plaintiff has not met his burden in showing that the Court should grant the extraordinary relief sought. Striking an expert in the weeks preceding the final pre-trial conference would greatly prejudice Defendant, and Plaintiff has not clearly established 1) that Dr. Chaudhary was Plaintiff's treating physician, or 2) that exclusion of the expert is the proper sanction for the alleged violation.

### A.    Plaintiff Has Not Established that Dr. Chaudhary is a Treating Physician

While a physician-patient privilege exists under Florida law, Plaintiff has not established that Dr. Chaudhary was a treating physician subject to the statutory privilege.

Subject to a limited set of exceptions, Florida law establishes a physician-patient privilege prohibiting communications between a treating physician and any third parties. Fla. Stat. § 465.057(7)(c) ("Information disclosed to a health care practitioner by a patient in the course of the [patient's] care and treatment is confidential[.]"); *see also Acosta v Richter*, 671 So.2d 149 (Fla.1996) (holding that § 465.057 "creates a physician-patient privilege of confidentiality for the patient's personal medical information[.]"). Florida law has created, and Florida courts have repeatedly recognized, an expansive physician-patient privilege. Doc. 47 at 8-9 (citing *Acosta* and *Hasan v. Garvar*, 108 So.3d 570 (Fla 2012). However, the plain language of the statute makes clear that the privilege only applies to treating physicians. Fla. Stat. § 465.057(7)(c) (protecting "information disclosed . . . in the course of the care and treatment of [the] patient."). Therefore, as a threshold matter, this Court must decide whether Plaintiff has established that Dr. Chaudhary treated Plaintiff such that Dr. Chaudry was Plaintiff's "treating physician" under Florida law.

Neither the statute nor the Florida Supreme Court clearly define what makes a practitioner a treating physician under Florida law. However, at least one court has directly addressed this question and determined that the patient asserting the privilege must prove that he received treatment from the practitioner. *In re Deepwater Horizon BELO Cases*, 2022 WL 1037307, at *5-6 (N.D. Fla. Feb. 2, 2022) (finding the physician-patient privilege did not apply where physician only "check[ed] checkbox beside his name under the line on the questionnaire for a physician's signature" and made "an initial diagnosis" for patient.), *report and recommendation adopted sub nom. In re Deepwater Horizon Belo Cases*, 2022 WL 1028030 (N.D. Fla. Apr. 6, 2022); *Phillips v. Ficarra*, 618 So. 2d 312, 314 (Fla. 4th DCA 1993) (holding that "where the exact status of [physician] was ambiguous and both appellant's attorney and the doctor himself did not consider

him a treating physician, we cannot conclude that the trial court abused its discretion in refusing to strike [physician's] testimony.").

Here, Plaintiff claims in a conclusory fashion that the physician-patient privilege exists but fails to provide sufficient evidence of treatment. Doc. 47 at 8. Indeed, the evidence Plaintiff proffers is insufficient and requires the Court to assume facts not provided. The Motion references four billing ledger entries from Equian, a third party hired to "represent WellCare in connection with their rights of subrogation and/or recovery regarding medical claims paid on behalf of [Plaintiff]." Doc. 47 at 4. Plaintiff has not provided the medical records corresponding to those four ledger entries, so there is no evidence before the Court of what Dr. Chaudhary did, if anything, in relation to Plaintiff's treatment. Further, Dr. Chaudhary did not identify Plaintiff as his former patient when conducting a conflicts check to serve as an expert in this case (Doc. 52 at 8), and Plaintiff's own expert did not identify Dr. Chaudhary as one of Plaintiff's treating physicians when assessing Plaintiff's medical records. Doc. 52 at 9. Both parties have noted that Dr. Chaudhary serves as a supervising physician to residents in the infectious disease department at the hospital that filed these billing entries. Doc. 47 at 5-6; Doc. 52 at 9. Accordingly, Defendant notes that Dr. Chaudhary may have supervised resident physicians who treated Plaintiff. Doc. 52 at 8-9. But Plaintiff has not addressed this possibility nor has Plaintiff explained why it did not submit medical records corresponding to the four billing entries. In sum, Plaintiff has not established that the physician-patient privilege applies because Plaintiff has failed to provide sufficient evidence that Dr. Chaudhary acted as Plaintiff's treating physician under Florida law.

### B. Plaintiff Has Not Established That Exclusion of Dr. Chaudhary is Proper

Even if Dr. Chaudhary was Plaintiff's treating physician under Florida law, and even if Plaintiff had established a violation of the physician-patient privilege, Plaintiff has not established

that exclusion is required or appropriate here. Florida Statutes section 465.057 does not provide sanctions for violations of the statute. And Plaintiff has not cited any authority supporting the sanctions sought in the Motion.

Without a statutory basis for excluding Defendant's expert and no persuasive authority supporting the exclusion of an expert for violating section 465.057, this Court may exercise its own discretion in determining if a sanction is appropriate. *See Goldstein v. MSC Cruises, S.A.*, 2019 WL 3412158, at *2 (S.D. Fla. May 30, 2019), *report and recommendation approved*, 2019 WL 3408869 (S.D. Fla. June 14, 2019); *Phillips*, 618 So.2d at 314. In exercising discretion in this context, other courts have considered "the extent of the violation, its willfulness, and its degree of harm to the patient." *Id.* Considering these three factors, the Court finds that Dr. Chaudhary should not be excluded as an expert in this case. The first factor weighs in favor of Defendant because even assuming there is a violation—and the Court has already concluded there is not—Plaintiff certainly has not established that the violation was extensive. As to the second factor, Plaintiff has also failed to establish that Dr. Chaudhary willfully committed this alleged violation, and Defendant has represented that Plaintiff's counsel "stated she believed that [Defendant's counsel] was unaware of any potential conflict" and had not knowingly retained Plaintiff's treating physician. Doc. 52 at n. 2. Lastly, the Court does not find that Plaintiff would be harmed if this Court allowed Dr. Chaudhary to serve as an expert witness. Plaintiff has not proffered any evidence of Dr. Chaudhary using confidential information obtained from treating Plaintiff to advantage Defendant's case. On the contrary, Plaintiff only discovered this potential conflict through third-party billing ledgers—not Dr. Chaudhary's report or Plaintiff's expert witness's assessment of Dr. Chaudhary's report.

Even if there was a violation of the physician-patient privilege, the Court should exercise its discretion and deny Plaintiff's request to exclude Dr. Chaudhary as an expert.

C.     **The Motion is Untimely**

In addition to the substantive reasons provided above, the Motion is untimely. Plaintiff filed the Motion on September 30, 2024 in violation of the CMSO and the AMCSO deadlines for discovery and discovery-related motions. Docs. 26, 44. While Plaintiff filed the first iteration of the motion three days prior to the deadline in the ACMSO, the Court denied that motion because Plaintiff again failed to comply with Local Rule 3.01(g). Plaintiff then waited two weeks after that denial to file the Motion, and never sought leave to extend the deadline to file contained within the ACMSO. Regardless, a case management and scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard is a rigorous one, requiring the Court to focus not on the good faith of or the potential prejudice to any party, but on the moving party's diligence in meeting the deadlines it seeks to modify. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension."). If "good cause" exists under Rule 16 to allow modification of the schedule, the Court proceeds to Rule 15 to determine whether leave to amend is proper. *Rosas v. Geovera Specialty Ins. Co.*, 2019 WL 5085038, at *1 (M.D. Fla. June 24, 2019). Plaintiff did not file a motion to amend the AMSCO and has not articulated good cause for this untimely motion. Accordingly, this Court should deny Plaintiff's request for sanctions.

### III. Conclusion

Accordingly, for the foregoing reasons, it is **ORDERED** that the Motion (Doc. 47) is **DENIED**.

**ORDERED** in Orlando, Florida on January 10, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

\#