UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RALPH MONTE and AMARILLIS MONTE,

    Plaintiffs,

v.                                                              Case No: 6:23-cv-288-JSS-DCI

SHERWIN-WILLIAMS
DEVELOPMENT CORPORATION,

    Defendant.
_____/

## ORDER

Defendant, Sherwin-Williams Development Corporation, moves for summary judgment, (Dkt. 48; *see also* Dkt. 58), and to exclude expert testimony proffered by Plaintiffs' expert Robert Henry Burke, (Dkt. 50). Plaintiffs, Mr. and Mrs. Monte, oppose Defendant's motion for summary judgment. (Dkt. 53.) Upon consideration, and for the reasons outlined below, Defendant's motion for summary judgment is denied, and its motion to exclude Mr. Burke's testimony is granted.

## BACKGROUND

On March 19, 2018, Mr. Monte visited Defendant's store located at 4473 South Semoran Boulevard in Orlando, Florida. (Dkt. 1-1 at 1.) When Mr. Monte, who uses a wheelchair, attempted to negotiate the ramp from the parking lot to the sidewalk, he fell and was injured. (*See id.* at 2.) He fell, he alleges, because Defendant "negligently

maintained" its premises "and/or failed to warn . . . [him] of [a] dangerous condition." (*Id.*)

On March 15, 2022, Plaintiffs filed a complaint in state court against Defendant, which included claims of premises liability and loss of consortium. (*Id.* at 1–5.) Defendant removed the action to this court based on diversity jurisdiction on February 21, 2023. (Dkt. 1.) Plaintiffs moved to remand the action to state court, (Dkts. 8, 18), and the court denied the motions, (Dkts. 30, 31).

Plaintiffs retained Mr. Burke, a forensic architect, as an expert witness to opine as to whether the conditions of Defendant's premises contributed to Mr. Monte's accident. (Dkt. 56 at 31.) Mr. Burke produced his final expert report on May 30, 2024, (*id.*), a few days before the June 4, 2024 deadline to disclose expert reports, (Dkt. 26). In preparing his report, Mr. Burke twice visited the site of the accident, reviewed photos taken by Mr. Monte and Plaintiffs' counsel, analyzed images of the site pulled from the Internet in May 2019, and spoke with Mr. Monte on May 19, 2021. (Dkt. 56 at 31.) After assessing the conditions of Defendant's premises with regard to the relevant building codes, Mr. Burke rendered several opinions, including that the ramp was improperly placed in an access aisle and that "[t]he [one]-inch change in level at the top of the ramp and sidewalk violated" the relevant code provisions. (*Id.* at 37.) He also measured the slope of the ramp to have been between 12.1% and 12.8% whereas the relevant code prescribes a maximum slope of 8.33%. (*Id.* at 34.) Because the ramp had been removed after Mr. Monte's accident, Mr. Burke calculated the slope by holding a twelve-inch digital level to the "clean concrete surface along the adjacent

concrete curb" that was created by the ramp's removal. (*Id.*)  In his view, these opinions "portray hazardous conditions and caused or contributed to Mr. Monte's wheelchair fall accident." (*Id.* at 37.)  He also opined that the premises were subject to other code violations. (*Id.* at 38.)

On August 2, 2024, Defendant deposed Mr. Burke. (*See* Dkt. 53 at 40–163.)  In his deposition, Mr. Burke stated that the methodology used to determine the slope of the ramp was inaccurate and could not be relied upon. (*Id.* at 129–30.)  Rather, a new calculation that he prepared the day before his deposition was "more accurate." (*Id.* at 68, 130.)  Accordingly, Mr. Burke stated that he was formally withdrawing his opinion regarding the slope of the ramp as follows:

> Q:  So . . . you agree that the measurements you did of . . . the curb . . . are inaccurate, and we shouldn't rely on that methodology?
>
> A:  That's correct.
>
> Q:  Okay.  So you're withdrawing those opinions?
>
> A:  I have to do that.  Yes.

(*Id.* at 130.)  Similarly, while Mr. Burke testified at his deposition that he had, since preparing his expert report, determined that the ramp was subject to a cross-slope that also contributed to Mr. Monte's injury, he conceded that his report did not contain any opinion regarding cross-slope.[1]  (*Id.* at 66–67.)  Defendant reports that as of

---

[1] As Mr. Burke uses these terms, slope refers to the height differential of the ramp from end to end and cross-slope measures the height differential from side to side.  (*See* Dkt. 53 at 154.)  That is, the slope of the ramp is the ratio of its rise to its length and the cross-slope is the ratio of its rise to its width.

September 30, 2024, Mr. Burke had "not issued an updated [r]eport to reflect these new opinions and the opinions that were withdrawn." (Dkt. 50 at 7.)

Discovery closed on August 31, 2024. (Dkt. 44.) Defendant moved for summary judgment on September 30, 2024. (Dkt. 48.) Defendant also moved to exclude some of Mr. Burke's testimony on the same day. (Dkt. 50.) Plaintiffs filed untimely responses to both of these motions. (Dkts. 53, 56.) *See* M.D. Fla. R. 3.01(c). Defendant moved to strike Plaintiffs' untimely response to its motion to exclude Mr. Burke's testimony, (Dkt. 59), and the court granted the motion to strike, (Dkt. 60).

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 26(a)(2)(B) requires that expert disclosures be accompanied by a written report, signed by the witness, containing a complete statement of all opinions the witness will express and the basis for those opinions. Federal Rule of Evidence 702 permits an expert to testify provided the party offering the expert "demonstrates to the court" that conditions are met. In determining the admissibility of expert testimony under Rule 702, "[t]he court serves as a gatekeeper, charged with screening out experts whose methods are untrustworthy or whose expertise is irrelevant to the issue at hand." *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1250 (11th Cir. 2007); *Moore v. Intuitive Surgical, Inc.*, 995 F.3d 839, 850 (11th Cir. 2021) (quoting *Kilpatrick v. Breg, Inc.,* 613 F.3d 1329, 1335 (11th Cir. 2010)). A determination of admissibility under Rule 702 requires findings that "(1) the expert is qualified to testify competently regarding the matters he intends to address[,] (2) the methodology by which [he] reaches his conclusions is sufficiently reliable . . . [under *Daubert v.*

*Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993)][,] and (3) the testimony assists the trier of fact . . . to understand the evidence or . . . determine a fact in issue." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc) (quoting *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)). The party offering an expert has the burden of satisfying each of these elements by a preponderance of the evidence. *Id.* However, courts must not "improperly use the admissibility criteria to supplant a plaintiff's right to a jury trial: 'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Moore*, 995 F.3d at 850 (quoting *Daubert*, 509 U.S. at 596).

Summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" to support its position that it is entitled to summary judgment. Fed. R. Civ. P. 56(c)(1)(A). "The court need consider only the cited materials" when resolving the motion. Fed. R. Civ. P. 56(c)(3); *see HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, 703 F. App'x 814, 817 (11th Cir. 2017) ("This rule was implemented so that a court may decide a motion for summary judgment without undertaking an independent search of the record." (quotation omitted)).

A factual dispute is "genuine" only if "a reasonable jury could return a verdict for the non[-]moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id.* The moving party bears the initial burden of identifying those portions of the record showing a lack of a genuine factual dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). If the movant shows that no evidence supports the non-moving party's case, the burden then shifts to the non-moving party to show that there are, in fact, genuine factual disputes precluding judgment as a matter of law. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

To satisfy its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-moving party must go beyond the pleadings and "identify affirmative evidence" that creates a genuine dispute of material fact. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *see also HRCC*, 703 F. App'x at 816–17 ("Presenting arguments in opposition to a motion for summary judgment is the responsibility of the non-moving party, not the court." (alteration adopted) (quoting *Blue Cross & Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1550 (11th Cir. 1990))). In determining whether a genuine dispute of material fact exists, the court must view the evidence and draw all factual inferences in the light most favorable to the non-moving party and must resolve any reasonable doubts in that party's favor. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). The court will not weigh

the evidence or make findings of fact. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Summary judgment should be granted only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non[-]moving party." *Matsushita*, 475 U.S. at 587.

## ANALYSIS

The court first assesses the admissibility of Mr. Burke's opinions before determining whether Defendant is entitled to summary judgment.

### 1. Admissibility of Mr. Burke's Expert Opinions

At the outset, the court notes that Defendant moves only to exclude Mr. Burke's opinions as to the slope and cross-slope of the ramp and opinions regarding whether the slope or cross-slope contributed to Mr. Monte's accident. (Dkt. 50 at 15.) Defendant seeks to exclude these opinions on the grounds that (1) Mr. Burke's opinions were not timely disclosed, (*id.* at 9–10), (2) Mr. Burke is unqualified to render these opinions, (*id.* at 10–11), and (3) Mr. Burke's opinions are not reliable or helpful, (*id.* at 11–15). Because the court has stricken Plaintiffs' response to Defendant's motion to exclude Mr. Burke's testimony as untimely filed Defendant's motion is unopposed. (Dkt. 60.) The court grants Defendant's motion to exclude Mr. Burke's testimony on this basis, as Plaintiffs have failed to carry their burden to demonstrate the admissibility of Mr. Burke's opinions. *See Frazier*, 387 F.3d at 1260; *Fashion Value, LLC v. Burlington Coat Factory Warehouse Corp.*, No. 1:19-CV-03073-ELR, 2021 WL 12313047, at *5 (N.D. Ga. Aug. 30, 2021) ("[T]he burden . . . rests on the

[plaintiff] . . . and [the p]laintiff has not met that burden due to its untimely responses to [the d]efendants' motions to strike [expert testimony]." (citing *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009))).

Even if the court were to consider Plaintiffs' response, their failure to provide a supplemental expert report updating Mr. Burke's opinions as to slope and cross-slope necessitates the court's exclusion of his testimony because the court cannot assess the reliability of these opinions. *Daubert*'s reliability prong concerns "whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue." *Seamon v. Remington Arms Co.*, 813 F.3d 983, 988 (11th Cir. 2016) (quoting *Daubert*, 509 U.S. at 592–93). In determining reliability, the district court must focus "solely on principles and methodology, not on the conclusions that they generate." *Id.* (quoting *Daubert,* 509 U.S. at 595). Generally, assessing an opinion's reliability requires a determination that the opinion is "supported by appropriate validation," or "good grounds." *Frazier*, 387 F.3d at 1261. "The proponent of expert testimony always bears the burden to show that . . . the methodology by which the expert reached his conclusions is sufficiently reliable . . . ." *Id.* at 1260 (cleaned up). Because Plaintiffs failed to file a supplemental report detailing the new methodology employed by Mr. Burke to calculate the slope of the ramp and discussing how he determined that the ramp was subject to cross-slope, the court cannot find that Plaintiffs have satisfied their burden to demonstrate the reliability of these opinions or their bases. *See Davis v.*

*BellSouth Telecomms., Inc.*, No. 7:10-cv-02851-LSC, 2012 WL 3637762, at *6 (N.D. Ala. Aug. 16, 2012) ("Without specific facts, standards, or methods, it is impossible to objectively test an opinion for reliability."); *Martinez v. Rabbit Tanaka Corp.*, No. 04-61504-CIV, 2006 WL 5100536, at *13 (S.D. Fla. Jan. 6, 2006) (excluding expert testimony where, among other things, the expert failed to "supply any documentation or research to support" his opinion). Plaintiffs have failed to proffer a "reliable" foundation for these opinions. *Frazier*, 387 F.3d at 1261.

This notwithstanding, the court must also exclude Mr. Burke's opinions as to slope and cross-slope because they were not timely disclosed. The case management and scheduling order required Plaintiffs' expert report to be disclosed by June 4, 2024. (Dkt. 26 at 1.) The Federal Rules of Civil Procedure require expert reports to contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Federal Rule of Civil Procedure 37(c)(1) bars a party from using information that was not disclosed as required by Rule 26(a) "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Opinions not disclosed in an expert's report must be excluded. *See Button v. Royal Caribbean Cruises, Ltd.*, No. 12-cv-23624-UU, 2013 WL 10180995, at *1 (S.D. Fla. July 22, 2013) (granting a motion to exclude opinions not contained in an expert's report and noting that such a "request is well-supported by authority") (citing *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 282 F.R.D. 655 (M.D. Fla. 2012)); *Muhs v. River Rats, Inc.*, No. CV207-077, 2008 WL 9351760, at *1 (S.D. Ga. Oct. 7, 2008) (granting a motion to

exclude opinions "that were not disclosed in the expert report"). Indeed, even if Plaintiffs had filed a supplemental expert report immediately after Mr. Burke's deposition—which they did not—the court would have had the discretion to exclude that supplemental report because the date to file expert disclosures had passed. *See Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1252 (11th Cir. 2007) ("The Federal Rules of Civil Procedure provide that a trial court may set a deadline for expert disclosures. We have held that a supplemental expert report may be excluded pursuant to Federal Rule of Civil Procedure 37(c) if a party fails to file it prior to the deadline imposed." (citation omitted)).

Accordingly, Mr. Burke may not testify as to the slope or cross-slope of the ramp or as to whether any slope or cross-slope of the ramp contributed to Mr. Monte's injury.

### 2. Defendant's Motion for Summary Judgment

Defendant moves for summary judgment, arguing that Plaintiffs have failed to demonstrate that there is a genuine dispute of material fact with regard to causation. (Dkt. 48 at 9–10.) Plaintiffs argue that they have demonstrated such a dispute.[2] (*See* Dkt. 53.)

---

[2] While Plaintiffs' response in opposition to Defendant's motion for summary judgment was also untimely filed, the court does not treat Defendant's motion for summary judgment as unopposed because it is wholly dispositive of the merits of the case, unlike Defendant's motion to exclude portions of Mr. Burke's testimony. *See* M.D. Fla. R. 1.01(a) (stating that the purpose of the Middle District of Florida's local rules is to "advance efficiency, consistency, convenience, and other interests of justice"); M.D. Fla. R. 1.01(b) ("If reasonably necessary to achieve the purpose of these rules, a judge can temporarily modify or suspend the application of any rule, except Local Rule 1.05(a)."). Moreover, Plaintiffs' response to Defendant's motion for summary judgment was less untimely. (*Compare* Dkt. 53, *with* Dkt. 56.) Finally, Defendant did not move to strike Plaintiffs' response to its

This is a premises liability action arising under Florida law. (*See* Dkt. 1-1 at 2.) "Premises liability actions require proof of the elements of negligence—duty, breach, proximate cause, and harm—plus proof of the additional element that the landowner exercised possession or control over the premises." *Tanner v. Garden Cmtys., LLC*, No. 8:23-cv-2019-WFJ-TGW, 2024 WL 3920692, at *2 (M.D. Fla. Aug. 22, 2024) (citing *Lisanti v. City of Port Richey*, 787 So. 3d 36, 37 (Fla. Dist. Ct. App. 2001)). In its motion for summary judgment, Defendant focuses exclusively on causation, arguing that because Mr. Burke's testimony with regard to the slope of the ramp must be excluded, Plaintiffs have no competent evidence regarding causation. (Dkt. 48 at 10.) The court disagrees.

First, not all of Mr. Burke's testimony is subject to exclusion, and his remaining opinions arguably create a genuine dispute of material fact regarding the cause of Mr. Monte's injury. To the extent Defendant disagrees with Mr. Burke's remaining opinions, it may address these disagreements during cross-examination. *See Moore*, 995 F.3d at 850 (quoting *Daubert*, 509 U.S. at 596); *see also Worley v. State Farm Mut. Auto. Ins. Co.*, 3:12-CV-1041-J-MCR, 2013 WL 6478297, at *3 (M.D. Fla. Dec. 10, 2013) (finding the argument that an expert's opinion was unreliable because it was

---

motion for summary judgment; its request that the court do so in its reply to the response, (Dkt. 58 at 7), is procedurally improper. *See* Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion."); *Celeritech Int'l Corp. v. Superstar Holdings Inc.*, No. 1:24-cv-20836-JLK, 2024 WL 4865103, at *10 (S.D. Fla. Nov. 19, 2024) ("Courts typically do not rule on requests embedded in a legal memorandum, as opposed to being raised in an actual motion." (collecting cases)).

"contrary to the facts" is not a proper basis for exclusion and, instead, should be explored during cross-examination).

Second, Defendant's motion for summary judgment requires the court to disregard Mr. Monte's own testimony as to the circumstances of his accident. During his deposition, Mr. Monte testified as follows:

> Q: [C]an you describe for me how this incident happened?
>
> A: Yes. To the best of my recollection, I remember going up the ramp. And there w[ere] a lot of rocks on the ground, so I was trying to avoid them. There was . . . a big old planter or something that contained . . . gravel rocks or something. And I was trying to avoid them. I was going up the ramp and it seemed very steep, but . . . I just proceeded to go up the ramp. And I don't believe I made it to the top. Because of the incline, the steep of the ramp, I flipped over. My wheelchair flipped. . . . [T]he incline . . . was very steep and the . . . front of the chair came up and it flipped onto its back side, even though . . . on the wheelchair there was an anti-tipping device.

(Dkt. 53 at 277–78; *see also id.* at 279.) Defendant asserts that the question of causation in this case "require[s] expert testimony" because it "requires an analysis of [Mr. Monte]'s position in the wheelchair, his weight, the weight of the wheelchair, the design features of the wheelchair, and the speeds and forces involved in [Mr. Monte]'s movement up the ramp," matters which Defendant contends are "well beyond the knowledge of the average juror." (Dkt. 48 at 11.) The only cases Defendant cites in support of this proposition are, however, distinguishable. (*See id.* at 11–12 (citing *Reiber v. United States*, No. 05-22494-CIV, 2007 WL 7243427, at *1–2 (S.D. Fla. Aug. 13, 2007) (considering necessity of expert testimony to establish the *standard of care* in

*professional* negligence cases and determining that "air traffic controller standards are [not] simple enough for a lay fact finder to determine what constitutes reasonable care"), and *Giles v. Winn-Dixie Montgomery, LLC*, 574 F. App'x 892 (11th Cir. 2014) (determining that proving plaintiff's theory of causation, which was that the plaintiff's shoes absorbed water from one area before later releasing it and causing the plaintiff to slip, "would involve scientific, technical[,] or specialized knowledge outside the scope of a layperson's understanding")).)

Defendant has therefore provided no authority for its proposition that Plaintiffs' theory of causation, that the ramp from the parking lot to the sidewalk outside Defendant's facility was steep or improperly maintained and that this caused or contributed to Mr. Monte's accident, requires expert testimony. In fact, the law indicates the opposite. *See Kitchen v. Ebonite Recreation Ctrs., Inc.*, 856 So. 2d 1083, 1085 (Fla. Dist. Ct. App. 2003) (reversing grant of summary judgment in premises liability case "because [the plaintiff]'s deposition testimony was sufficient to create a genuine issue of material fact as to [the defendant]'s liability"). Accordingly, Defendant has not borne its burden at the summary judgment stage to demonstrate that there is no genuine dispute of material fact—especially given that this is a negligence case. *See Croley v. Matson Navigation Co.*, 434 F.2d 73, 75 (5th Cir. 1970) ("Summary judgment will not usually be as feasible in negligence cases, where the standard of the reasonable man must be applied to conflicting testimony, as it is in other kinds of litigation." (quotation omitted)); *Peuser v. Wal-Mart Stores E., LP*, No. 6:19-cv-2098-JA-GJK, 2021 WL 1752063, at *2 (M.D. Fla. May 4, 2021) ("[M]otions for summary judgment

should be cautiously granted in negligence actions." (quoting *Gomez-Crus v. Wal-Mart Stores E., LP*, 268 So. 3d 796, 800 (Fla. Dist. Ct. App. 2019)).

## CONCLUSION

Accordingly:

1. Defendant's Motion to Exclude Certain Testimony of Robert Henry Burke (Dkt. 50) is **GRANTED**.

2. Defendant's Motion for Summary Judgment (Dkt. 48) is **DENIED**.

**ORDERED** in Orlando, Florida, on January 14, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record