UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RALPH MONTE and AMARILLIS MONTE,

    Plaintiffs,

v.                                                              Case No: 6:23-cv-288-JSS-DCI

SHERWIN-WILLIAMS
DEVELOPMENT CORPORATION,

    Defendant.
_____/

## ORDER

Defendant, Sherwin-Williams Development Corporation, moves to exclude certain testimony of Plaintiffs' expert Dr. Nizam Razack. (Dkt. 49.) Plaintiffs, Mr. and Mrs. Monte, untimely responded in opposition to the motion. (Dkt. 57.) Upon consideration, and for the reasons outlined below, the motion is granted.

## BACKGROUND

This is a premises liability action arising under Florida law. (*See* Dkt. 1-1 at 2.) On March 19, 2018, Mr. Monte visited Defendant's store located at 4473 South Semoran Boulevard in Orlando, Florida. (*Id.* at 1.) When Mr. Monte, who uses a wheelchair, attempted to negotiate the ramp from the parking lot to the sidewalk, he fell and was injured. (*See id.* at 2.) He fell, he alleges, because Defendant "negligently maintained" its premises "and/or failed to warn . . . [him] of [a] dangerous condition." (*Id.*)

Discovery is closed in this matter and the parties are scheduled for a jury trial in March 2025. (Dkt. 44.) Plaintiffs retained Dr. Razack to review Mr. Monte's medical records and provide an opinion regarding his care. (Dkt. 57 at 27.) One of Dr. Razack's opinions is that, due to Mr. Monte's March 19, 2018 accident, he "developed [an] infection in his left elbow." (*Id.* at 22.) Defendant seeks to exclude Dr. Razack's testimony regarding whether Mr. Monte's accident caused the infection of his left elbow. (Dkt. 49 at 1.)

## APPLICABLE STANDARDS

Under Federal Rule of Evidence 702, "[t]he court serves as a gatekeeper, charged with screening out experts whose methods are untrustworthy or whose expertise is irrelevant to the issue at hand." *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1250 (11th Cir. 2007); *Moore v. Intuitive Surgical, Inc.*, 995 F.3d 839, 850 (11th Cir. 2021) (quoting *Kilpatrick v. Breg, Inc.,* 613 F.3d 1329, 1335 (11th Cir. 2010)). Rule 702 permits a witness "who is qualified as an expert by knowledge, skill, experience, training, or education" to "testify in the form of an opinion or otherwise if the proponent demonstrates to the court" that certain conditions are met. A determination of admissibility under Rule 702 requires the party offering an expert to demonstrate by the preponderance of the evidence that "(1) the expert is qualified to testify competently regarding the matters he intends to address[,] (2) the methodology by which [he] reaches his conclusions is sufficiently reliable . . . [under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)][,] and (3) the testimony assists the trier

of fact . . . to understand the evidence or . . . determine a fact in issue." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc) (quoting *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)).  However, courts must not "improperly use the admissibility criteria to supplant a plaintiff's right to a jury trial: 'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Moore*, 995 F.3d at 850 (quoting *Daubert*, 509 U.S. at 596).

## ANALYSIS

Defendant seeks to exclude Dr. Razack's testimony regarding a causal connection between Mr. Monte's accident and the infection of his left elbow on the grounds that (1) Dr. Razack is not qualified to render this opinion, (2) this opinion is contradicted by record evidence, and (3) this opinion "is not predicated on any scientific testing or methodology." (Dkt. 49 at 2.)  Because the court has stricken Plaintiffs' response to Defendant's motion as untimely filed, Defendant's motion is unopposed. (Dkt. 60.)  The court grants Defendant's motion on this basis, as Plaintiffs have failed to carry their burden to demonstrate the admissibility of Dr. Razack's opinion. *See Frazier*, 387 F.3d at 1260; *Fashion Value, LLC v. Burlington Coat Factory Warehouse Corp.*, No. 1:19-CV-03073-ELR, 2021 WL 12313047, at *5 (N.D. Ga. Aug. 30, 2021) ("[T]he burden . . . rests on the [plaintiff] . . . and [the p]laintiff has not met that burden due to its untimely responses to [the d]efendants' motions to strike [expert testimony]." (citing *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009))).

Even if the court were to consider Plaintiffs' response, Dr. Razack's opinion regarding the cause of Mr. Monte's infection would be excluded under *Daubert*'s reliability prong. Dr. Razack's report is primarily a review of Mr. Monte's medical records. (*See* Dkt. 57 at 16–23.) Based on this review and a physical examination that Dr. Razack performed on Mr. Monte on May 16, 2024, Dr. Razack opined that Mr. Monte's accident caused the infection in his left elbow. (*Id.* at 22.) Dr. Razack reached his opinion based on the fact that Mr. Monte's infection manifested shortly after his accident. In his deposition, Dr. Razack explained as follows:

> Q: And in your report, you give the opinion that the issue with [Mr. Monte's] arm and elbow were linked with the incident . . . .
>
> A: Yeah, there was no record of having any sort of infection of his elbow in the past. I mean, he's been using a wheelchair for . . . over [twenty] years, and then he gets, all of a sudden, this infection of the elbow. So the chronology is there in terms of there's a link between the fact that the incident occurred and his elbow infection occurred. . . .

(Dkt. 57 at 33.)

By itself, "[t]emporal proximity is generally not a reliable indicator of a causal relationship." *Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1310 (11th Cir. 2014) (quoting *Guinn v. AstraZeneca Pharms. LP*, 602 F.3d 1245, 1254 (11th Cir. 2010)). Courts routinely exclude expert opinions based solely on such reasoning. *See, e.g.*, *Haller v. AstraZeneca Pharms., LP*, 598 F. Supp. 2d 1271, 1297 (M.D. Fla. Feb. 6, 2009) ("Standing alone . . . temporal proximity . . . is legally insufficient."); *Cartwright v. Home Depot U.S.A., Inc.*, 936 F. Supp. 900, 906 (M.D. Fla. 1996) ("It is well settled

that a causation opinion based solely on a temporal relationship is not derived from the scientific method and is therefore insufficient to satisfy the requirements of [Federal Rule of Evidence] 702." (quotation omitted)); *cf. Ward v. Carnival Corp.*, No. 17-24628-CV-SCOLA/TORRES, 2019 WL 1228063, at *9 (S.D. Fla. Mar. 14, 2019) (overruling objections to experts' testimony on the grounds that they were unreliable because "[t]he record show[ed] that [the expert witnesses] . . . d[id] not base[] their opinions *solely* on temporal proximity"). Accordingly, in the absence of a reliable basis, Dr. Razack's causation opinion regarding the infection of Mr. Monte's left elbow must be excluded.

Plaintiffs nevertheless argue that Dr. Razack's opinion is a reliable differential diagnosis and is therefore admissible. (Dkt. 57 at 9 ("Dr. Razack's opinions were formed by the comprehensive information he received, which enabled him to establish a differential diagnosis.").) "Differential diagnosis is accomplished by determining the possible causes for the patient's symptoms and then eliminating each of these potential causes until reaching one that cannot be ruled out or determining which of those that cannot be excluded is the most likely." *Guinn*, 602 F.3d at 1253. In order for a differential diagnosis to be regarded as reliable, "it must at least consider other factors that could have been the sole cause of the plaintiff's injury" and the expert "must provide a reasonable explanation as to why he or she has concluded that any alternative cause suggested by the defense was not the sole cause." *Id.* (cleaned up). At deposition, Dr. Razack testified that a differential diagnosis is one of his goals in conducting a review of a patient's records, though he did not expressly state that this

was the methodology he employed in determining that Mr. Monte's infection was caused by his accident. (Dkt. 57 at 29.) Assuming that it was, the court nonetheless finds the opinion to be unreliable because Dr. Razack did not claim to have considered other potential sources of Mr. Monte's infection. (*See* Dkt. 57 at 16–23.) Indeed, at his deposition, he conceded that Mr. Monte's infection could have been caused by bursitis as follows:

> Q: Could chronic bursitis or complications from bursitis cause an infection such as the ones experienced by Mr. Monte?
>
> A: Yeah, it can certainly predispose someone to that because there's already fluid that's collected in that area, and then if someone impacts that area on a surface, theoretically, bacteria can get into that area.
>
> Q: That can't be ruled out in this case, can it?
>
> A: No, it can't be ruled out. But, again, Mr. Monte was using a wheelchair for over 20 years and all of a sudden, he gets a left-elbow infection following the accident.

(*Id.* at 34.) Accordingly, even if Dr. Razack's causation opinion was the result of a differential diagnosis, he has not, based on the record before the court, demonstrated that he deployed that methodology reliably in this case. *See McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1253 (11th Cir. 2005) ("[A]n expert does not establish the reliability of his techniques or the validity of his conclusions simply by claiming that he performed a differential diagnosis on a patient.").

Moreover, even if it were reliable, Dr. Razack's opinion is not helpful and must also be excluded on that basis. "Helpfulness" in the *Daubert* context requires expert

testimony to "concern[] matters that are beyond the understanding of the average lay person." *Frazier*, 387 F.3d at 1262. The notion of temporal proximity is not beyond the ken of the average lay person, and thus, Dr. Razack's causation opinion regarding Mr. Monte's infection would not be helpful to the trier of fact. *See id.* at 1262–63 ("Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments"); *see also Edwards v. Shanley*, 580 F. App'x 816, 823 (11th Cir. 2014) ("[A] trial court may exclude expert testimony that is 'imprecise and unspecific,' or whose factual basis is not adequately explained." (quoting *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1111 (11th Cir. 2005))). Indeed, the Eleventh Circuit has noted that it is preferable to leave the question of causation in the hands of the jury where, as here, an expert's opinion as to causation is based on temporal proximity alone. *See Cooper v. Marten Transport, Ltd.*, 539 F. App'x 963, 968 n.4 (11th Cir. 2013) ("While it may seem contradictory to conclude that temporal proximity is an insufficient basis for an expert's testimony regarding causation, yet a permissible basis for a jury to determine causation on its own, we note that special concerns accompany the admission of expert testimony, which may have a 'powerful and potentially misleading effect' and 'may be assigned talismanic significance in the eyes of lay jurors." (quoting *Frazier*, 387 F.3d at 1263))

## CONCLUSION

Accordingly, Defendant's Motion to Exclude Certain Testimony of Dr. Razack (Dkt. 49) is **GRANTED**.

**ORDERED** in Orlando, Florida, on January 14, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record