## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**RALPH MONTE,**

                **Plaintiff,**

**v.**                                           **Case No: 6:23-cv-288-JSS-DCI**

**SHERWIN WILLIAMS**
**DEVELOPMENT CORPORATION**
**a/k/a THE SHERWIN WILLIAMS**
**COMPANY, a foreign corporation,**

                **Defendant.**

_____

### ORDER

Pending before the Court is Plaintiff's Motion to Seal Under Local Rule 1.11. Doc. 68 (the Motion). As will be explained, the Motion is due to be **DENIED**.

### I.    BACKGROUND

Plaintiff Ralph Monte (Plaintiff) commenced this personal injury and negligence action in Florida's Ninth Judicial Circuit. Doc. 1-2. On February 21, 2023, Defendant The Sherwin Williams Company (Defendant) filed a Notice of Removal removing the case to the Middle District of Florida based on diversity of citizenship. Doc. 1 at 3 (citing 28 U.S.C. §§ 1332 and 1441). From the commencement of discovery in April 2023 through the pretrial period in January 2025, the Parties filed briefing—and the Court entered orders—on several discovery disputes, motions in limine, and a motion for summary judgment. *See* Docs. 45-64.

On January 16, 2025, Plaintiff filed a Notice of Settlement, and the Court entered a 60-Day Order. Docs. 65, 66. In the 60-Day Order, the Court explained that:

> pursuant to Middle District of Florida Local Rule 3.09, this cause is hereby **DISMISSED** without prejudice and subject to the right of

> the parties, within sixty (60) days of the date of this Order, to submit a stipulated form of final order or judgment should they so choose or for any party to move to reopen the action, upon good cause shown. After that 60-day period, however, dismissal shall be with prejudice.

Doc. 66 at 1. As a matter of course, the Court also entered a Notice of Local Rule 1.11(e) "which provides that, unless an order states another time, a seal under Rule 1.11 expires ninety days after a case is closed and all appeals are exhausted. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non-party must move for relief before the seal expires." Doc. 68.[1] The 60-Day Order expired on March 17, 2025.

On April 10, 2025, Plaintiff filed the instant Motion seeking: 1) an order sealing docket entries 45-49, 52, 54-64,[2] and 2) an order extending the seal "indefinitely." Doc. 68 at 1-2, 5. Plaintiff asserts that these docket entries contain "protected health information and references" and that redacting the medical information "would be infeasible" because the "private content is deeply embedded across multiple pleadings, exhibits, expert reports, responses and Court Orders." Doc. 68 at 5. Defendant has not filed a response to the Motion and the time to respond has elapsed.[3] Accordingly, the undersigned considers the Motion unopposed.

---

[1] Prior to Plaintiff's filing of the instant Motion, no party has filed a motion to seal in this case.

[2] Plaintiff has not consistently identified the materials he seeks to seal. In the Motion at page 4, Plaintiff identifies docket entries 45-49, 52, 54-64 but later references docket entries "45-64, including all current and future filings in this matter." Doc. 68 at 4, 7.

[3] Plaintiff represents that Defendant did not respond to Plaintiff's email attempt to schedule a 3.01(g) conference. The undersigned notes that sending an email to schedule a conferral—without more—is insufficient to comply with Rule 3.01(g)'s conferral requirement. Further, the Court has addressed Plaintiff's failure to comply with Rule 3.01(g) at least three times. Docs. 38, 46, 55. Regardless, for the sake of judicial economy, the undersigned will address the substance of Plaintiff's motion.

## II.    LEGAL STANDARD

The filing of items under seal is governed by Local Rule 1.11(b), which provides as follows:

(b) Motion to Seal. A motion to seal an item:

> (1) must include in the title "Motion to Seal Under [Statute, Rule, or Order]" or, if no statute, rule, or order applies, "Motion to Seal";
>
> (2) must describe the item;
>
> (3) must establish:
>
> > (A) that filing the item is necessary,
> >
> > (B) that sealing the item is necessary, and
> >
> > (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory;
>
> (4) must include a legal memorandum;
>
> (5) must propose a duration for the seal;
>
> (6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;
>
> (7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and
>
> (8) must include the item, which is sealed pending an order resolving the motion.

Local Rule 1.11(b).

Once the court has assessed compliance with the Local Rule, the Court then must determine whether the movant has shown good cause for sealing the documents. In deciding whether to grant a motion to seal, the Court must remain cognizant of a "presumptive common law right to inspect and copy judicial records." *U.S. v. Rosenthal*, 763 F.2d 1291, 1292-93 (11th Cir. 1985) (citing

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This common law right "is instrumental in securing the integrity of the [judicial] process." *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (per curiam) ("The district court must keep in mind the rights of a third party—the public, 'if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system.'") (citation omitted). Although the common law right of access creates a presumption against sealing court records, a party may overcome that presumption with a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013).

A seal under Local Rule 1.11 "expires ninety days after a case is closed and all appeals are exhausted. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non-party must move for relief before the seal expires." *See* Local Rule 1.11(e).

### III.    DISCUSSION

At bottom, Plaintiff seeks to reopen a closed case to indefinitely seal nearly every substantive document already filed on the public docket. The request to seal is due to be denied because Plaintiff has not: 1) addressed the Court's jurisdiction over the Motion following dismissal of the case with prejudice; 2) provided any legal authority to support sealing such a large portion of the record at all—let alone indefinitely; 3) sufficiently described the items to be sealed; 4) established that sealing the item is necessary; and 5) that a means other than sealing is unavailable or unsatisfactory. Further, the request to extend the seal indefinitely pursuant to Local Rule 1.11(e)

is due to be denied because there are no sealed items on the docket with deadlines for the Court to extend.

As a preliminary matter, the Court dismissed this case with prejudice on March 17, 2025. Doc. 66 at 1 ("within sixty (60) days of the date of this Order . . . dismissal shall be with prejudice."). Plaintiff filed the Motion after March 17, 2025 and has failed to address a legal basis for the Court's jurisdiction. *See Bell v. Arc One Protective Services, LLC*, 2023 WL 6963649 (M.D. Fla. June 22, 2023) (noting that after dismissal with prejudice, "[t]he jurisdiction that the Court had has been terminated). Accordingly, the Motion is not properly before the Court.

Even if the Motion were properly before the Court, Plaintiff fails to cite any authority to support sealing nearly the entire record in the case. *See generally* Doc. 68. Further, Local Rule 1.11 contains no language implying that an indefinite seal is available, and Plaintiff cites no rule or authority that permits a court to seal an item indefinitely. Overall, Plaintiff cites no legal basis for the requested relief and, therefore, the Motion is due to be denied.

In addition to citing no legal authority beyond the general legal standard for sealing documents, Plaintiff has failed to establish three of the elements of a motion to seal required by Local Rule 1.11.

First, Plaintiff has not sufficiently described the items to be sealed as required by Local Rule 1.11(b)(2). Plaintiff's description is overly broad as it seeks to seal every item filed after the Amended Case Management and Scheduling Order—so every substantive filing except for the operative pleadings. Plaintiff's description is also inconsistent as Plaintiff includes docket entries 45-49, 52, 54-64 in one instance but later references docket entries "45-64, including all current and future filings in this matter." Doc. 68 at 4, 7.

Second, Plaintiff's failure to adequately describe the documents to be sealed has led to an overly broad—and equally insufficient—explanation of the need for sealing.  *See* Local Rule 1.11(b)(3)(A).  In the Motion, Plaintiff refers broadly to "These documents"—again, nearly the entire docket—making no attempt to narrow the scope of the documents he asks the Court to seal. This falls short of rebutting the presumption in favor of public access.  *Romero*, 480 F.3d at 1246. Further, "'Courts have routinely held that, by putting one's medical condition at issue in a lawsuit, a plaintiff waives any privilege to which he may have otherwise been entitled as to his privacy interests in his medical records.'" *Oldaker v. Giles*, 2021 WL 3412551, * 3 (M.D. Ga. August 4, 2021) (quoting *Lozman v. City of Riviera Beach*, 2014 WL 12692766, at *1 (S.D. Fla. May 2, 2014)); *see also, Barlow v. Dupree Logistics, LLC*, 2015 WL 4646812, at *8 (N.D. Ala. July 5, 2015) (noting that plaintiff "largely waived any privacy interest in the requested documents by filing this public lawsuit with the claims asserted and damages asserted").  Here, Plaintiff has put his medical condition at issue by filing a personal injury claim seeking damages for "pain and suffering, disfigurement, mental anguish . . . expense of hospitalization, medical and nursing care and treatment . . . and the aggravation of a previously existing condition[.]"  Doc. 1-2 at 4.  And contrary to Plaintiff's assertion otherwise, the fact that the "documents were essential to the adjudication of the parties' claims and defenses" weighs against sealing them.  Doc. 68 at 4; *see In re Wright Med. Tech. Inc., Conserve Hip Implant Prod. Liability Litigation*, 2015 WL 12791506 (N.D. Ga. 2015) ("The presumption of public access is lower for materials that do not directly affect an adjudication of matters before a court.").

Third, Plaintiff has failed to establish that "using a redaction . . . is unavailable or unsatisfactory."  Local Rule 1.11(b)(3)(C).  Plaintiff's conclusory explanation that the medical information is "too deeply embedded in the documents, and any attempt at selective redaction

6

would be burdensome, imprecise, and risk partial disclosure" is insufficient.[4]  Doc. 68 at 5.  It appears to the undersigned that the "burdensome" nature of redactions is related to the overbroad designation of documents Plaintiff seeks to seal.

As to the request to extend the expiration of the seal pursuant to Local Rule 1.11(e), the Court has not sealed any document in this case.  Accordingly, any request to extend a seal is improper and due to be denied.

At base, Plaintiff requests extraordinary, unusual, and unsupported relief.  The undersigned is unaware of any similar request in the thousands of cases in which he has been involved.  Plaintiff requested no sealing during the pendency of this inherently public litigation, and there appears to be no basis to retroactively seal this closed case at this juncture.

Accordingly, it is **ORDERED** that the Motion (Doc. 68) is **DENIED**.

**ORDERED** in Orlando, Florida on August 20, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff's concern for "partial disclosure" of this information has no merit where every document identified is already publicly filed.  Further, Plaintiff has not addressed why documents that are already publicly filed should now be sealed.